Copy mailed to attorneys for parties by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.

U.S. DIST. COURT EAST DIST. WISC. FILED MAY 17 2005 AT _____ O'CLOCK ___ M SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 00-C-1049

  v.

RUTH D. DIETZ-OVERTON,

        Defendant,

PERLICK CORPORATION,

        Garnishee-Defendant.

## OPINION AND ORDER

Ruth Dietz-Overton has filed a motion asking for a hearing on her request that she be released from liability on a debt to the federal Farm Service Agency which arose out of a deficiency judgment following foreclosure. The government has responded to her motion and argues that she has failed to mount a viable defense to the underlying garnishment action.

Title 28 U.S.C. § 3202(d) limits the issues that may be raised in such a hearing:

> [t]he issues at such hearing *shall be limited* – (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to – (A) the probable validity of the claim for the debt which is merged in the judgment;

and (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

The only possibly viable defense that the movant has raised is that she wants the court to change the formula for the 25% of income to be garnished to exclude taxes as well as government supported pretax programs such as health savings accounts. However, the government points out that nonexempt disposable earnings are subject to garnishment, see 28 U.S.C. § 3205(a), and that "disposable earnings" means "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). The government reasons that, since the deductions for pretax programs to which the movant refers are not "required by law," they are properly included in the calculation of the Defendant's disposable earnings. The court agrees and concludes this defense is not viable under the applicable law.

Consequently, because the movant has raised no viable defense to the garnishment, the court ORDERS that Ruth Dietz-Overton's "Request for Hearing" (filed April 26, 2005) IS DENIED.

IT IS FURTHER ORDERED that the garnishee-Defendant through the representative of the garnishee-Defendant, shall pay to the Plaintiff, 25% of the Defendant's disposable income per pay period until the debt owed the United States is paid in full, and that all personal property held by the Defendant-garnishee to date, will be applied to the debt owed the United States. Disposable income is considered seventy-five percent (75%) of the Defendant-debtor's net income for each one-week period and it is not exempt from this Writ of Garnishment. The benefits of this

exemption are limited to the extent reasonably necessary for the Defendant-debtor's support and the support of her dependents but to not less than thirty (30) times the greater of the state or federal minimum wage. Section 1674 of Title 15 of the United States Code prohibits you from discharging the defendant-debtor from employment by reason of the fact that her earnings have been subject to garnishment. These payments shall be made at the same time the employee is paid and shall continue until the debt to the Plaintiff is paid in full or the garnishee-Defendant no longer has custody, possession or control of any property belonging to the debtor or until further Order of this Court.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 17th day of May, 2005.

Thomas J. Curran
United States District Judge

3